UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES FLYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-3184 |
| | ) | |
| JOHN/JANE DOES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Lawrence Correctional Center, was granted leave to proceed *in forma pauperis*. As a threshold matter, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 9) is granted. Plaintiff's previous motion (Doc. 6) seeking the same relief is denied as moot.

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that prison officials at Taylorville Correctional Center lost a property box containing his legal documents. Plaintiff alleges that prison officials at several facilities

thereafter failed to follow state law and prison rules during transfers and otherwise acted negligently with respect to the lost property box. Plaintiff alleges generally that the lack of legal materials prohibited him from filing claims in court. Plaintiff alleges grievance officials failed to remedy the issue.

Plaintiff alleges that his cellmate at Jacksonville confronted him, and that prison officials did nothing when he notified them. Plaintiff alleges that he later left his cell to meet with his counselor, and, when he returned, his property box was damaged. Plaintiff alleges that prison officials refused to investigate the incident. Plaintiff alleges that he was sent to restrictive housing for another unspecified event. Plaintiff alleges that approximately $200-300 worth of commissary items were stolen from his property box.

Plaintiff's general allegations that he was unable to file a claim for habeas corpus relief or other lawsuits do not provide enough information to permit a plausible inference that the lack of access to his legal property box prejudiced an otherwise meritorious claim for purposes of a First Amendment access-to-the-courts claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (mere denial of access to legal materials "is not itself a violation of a prisoner's rights; his right is to access *the courts,* and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."). Plaintiff does not have a freestanding constitutional right for officials to investigate his complaints. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). Prison officials' alleged negligence or failure to follow prison rules is not sufficient to show a violation of the Constitution. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."). Plaintiff does not have a Fourteenth Amendment procedural due process right to a post-deprivation hearing related to the destruction

or confiscation of property where state law provides an adequate remedy. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993).

Prison officials violate the Eighth Amendment when they act with deliberate indifference to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The risk of harm to which the prisoner was subjected must be objectively serious. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). Plaintiff's allegations do not permit a plausible inference that prison officials knew that his cellmate posed a substantial risk of harm or that prison officials were involved in the theft of his commissary items. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). The Court finds that Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion to Request Counsel (Doc. 4)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation

and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motion to Compel Merit Review (Doc. 8)

Plaintiff's motion asks the Court to screen his complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's motion is denied as moot with entry of this Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [9] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

4) **Plaintiff's Motion [4] is DENIED with leave to renew.**

5) **Plaintiff's Motions [6][8] are DENIED.**

Entered this 12th day of November, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE