E-FILED
Tuesday, 16 June, 2026  01:42:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES FLYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-3184 |
| | ) | |
| JOHN/JANE DOES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 13). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that officials at Taylorville Correctional Center ("Taylorville") issued him a property box in February 2024 in which he placed all records relating to his criminal proceedings in Mason County, Illinois. Plaintiff alleges that he was transferred from Taylorville

Page **1** of **4**

to Jacksonville Correctional Center ("Jacksonville") in September 2024. He alleges that his property box was present and accounted for at the time prison officials from Vandalia Correctional Center ("Vandalia") picked him up. Plaintiff alleges that he never received the property box after the transfer.

Plaintiff alleges that he was transferred to Graham Correctional Center ("Graham") in early October 2024. He alleges that Graham officials provided contradictory answers regarding whether his property box was present and failed to investigate his grievances on the issue. Plaintiff alleges that Defendants Hughes and Nothnagle denied his grievances at the appeal level. Plaintiff alleges that officials did not follow the applicable administrative rules. He alleges that he was unable to file a habeas corpus petition because he lacked access to the documents in the lost property box.

Plaintiff also alleges that, during his incarceration at Jacksonville, officials refused to take appropriate action after another inmate had threatened him and presumably broke into another property box he kept in his housing unit.

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R.

Civ. P. 20] if the addition of the party…will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Id.* (quotations omitted).

Plaintiff alleges two distinct sets of claims: those relating to his lost property box; and, those related to threats and theft from inmates at Jacksonville. The claims involve unrelated events and different defendants, and, therefore, Plaintiff cannot litigate both in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

The Court finds that Plaintiff's claims are improperly joined. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the final opportunity to clarify his allegations and provide any additional information he desires the Court to consider. *See Dorsey*, 55 F.4th at 1077 ("We suggest a district court faced with misjoined claims begin, as the district court did here, by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem.").

**Plaintiff's Motion to Compel Merit Review (Doc. 14)**

Plaintiff's motion to compel the Court to enter a merit review order is denied as moot with entry of this Order.

**IT IS THEREFORE ORDERED:**

1)     **Plaintiff's Motion for Leave to File Amended Complaint [13] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2)     **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended**

complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

     3)    **Plaintiff's Motion [14] is DENIED.**

     4)    **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 16th day of June, 2026.

*s/Sara Darrow*
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE
